# Exhibit A

STATE OF NEW YORK
SUPREME COURT    COUNTY OF MONROE

SATISPIE LLC
155 Balta Drive
Rochester, New York 14623,

                         Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA
One Tower Square
Hartford, Connecticut 06183,

                        Defendant.

Plaintiff designate Monroe
County as the place of trial

**SUMMONS**

**Index No.:** 2017-2757

Basis of venue is Plaintiff's
place of business.

*[RECEIVED MONROE COUNTY CLERK 2017 MAR 13 PM 12:09]*

**TO THE ABOVE NAMED DEFENDANT:**

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the state of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:    March 10, 2017
               Rochester, New York

                                    WOODS OVIATT GILMAN LLP

                              By: _____
                                    Robert D. Hooks, Esq.
                                    *Attorneys for Plaintiff*
                                    700 Crossroads Building
                                    2 State Street
                                    Rochester, New York 14614
                                    585.987.2836

{4911425: }

STATE OF NEW YORK
SUPREME COURT        COUNTY OF MONROE

SATISPIE LLC

                    Plaintiff,

vs.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

                    Defendant.

**VERIFIED COMPLAINT**

Plaintiff, Satispie LLC ("Satispie"), for its Verified Complaint against Travelers Property Casualty Company of America ("Travelers"), alleges the following:

1. Plaintiff is a domestic limited liability company organized under the laws of the State of New York with an office and principal place of business at 155 Balta Drive, Rochester, New York.

2. Upon information and belief, Travelers is an insurance company and a foreign corporation authorized to do business in the State of New York.

3. On June 30, 2014, Travelers issued a commercial insurance policy numbered Y-630-6E105751-TIL14 (hereafter, the "Policy"), wherein Satispie was a named insured under the Policy.

4. Pursuant to the Policy, Travelers agreed to provide coverage for various casualty losses, including loss to Satispie's inventory, stock, personal property and equipment, as well as loss of business income.

5. The effective coverage period for the Policy was July 1, 2014 to July 1, 2015.

{4802693: }

6.  Among other things, the Policy provides up to $10,167,000 in blanket coverage for building and property loss and up to $1,921,490 for loss of business income and extra expenses.

7.  Satispie is in the pie baking, packaging and logistics business.

8.  On March 28, 2015 Satispie incurred what it believed was a casualty loss covered by the Policy.

9.  Specifically, on that date, and upon information and belief, a piece of ice may have fallen from a coil in its cold-storage area at 155 Balta Drive, Rochester, New York and bent a fan blade. It is further believed the vibrations from the bent fan blade may have ruptured an ammonia gas line to one of its freezers, resulting in the release of ammonia gas in the cold-storage area.

10. As a result of the ruptured ammonia gas line, Satispie temporarily halted its business operations so that Travelers could be notified of the incident and assess whether any of its pie product had been damaged, as well as to assess the extent of any equipment damage.

11. That upon notifying Travelers of the incident, Satispie waited for instructions from Travelers as to whether it should move its pie product to an offsite cold-storage facility, repackage its product, dispose of its product, or wait for Travelers to inspect its product.

12. Thereafter, on March 30, 2015, Satispie's insurance agent notified Satispie that it had been in contact with Travelers that same day and that Travelers had instructed Satispie to dispose of its pie product.

13. Thereafter, on March 31, 2015 a representative of Travelers who, upon information and belief, is believed to be an adjustor from Travelers, visited the premises and repeated that Satispie had to dispose of all of its pie product.

{4802693: }

14. As a result, and based on the instructions it had received from Travelers, Satispie then disposed of its product at a loss of $770,198.44, plus related costs and expenses in the sum of $337,686.14 for a total loss of $1,107,884.68.

15. Thereafter, by letter dated April 3, 2015, Travelers first notified Satispie, i.e., after it had already instructed Satispie to dispose of its pie products, that it was reserving its right to deny coverage pursuant to the terms of the Policy and/or limit the payment of any claims to Satispie pursuant to the terms of the Policy.

16. Of course, by that time the horse was already out of the barn, as Satispie had already disposed of its pie products per Travelers' instructions and would not have done so had Travelers first reserved its rights instead of waiting until after the pie products had already been disposed of per its instructions.

17. Indeed, at the time of their potential exposure to the ammonia gas, Satispie's pie products were already packaged and frozen, and no determination had been made through testing or other means that Satispie's pie products were ever contaminated or could have been contaminated by the ammonia gas.

18. That absent proof of their contamination, it was premature and irresponsible of Travelers to order the disposal of Satispie's pie products and then, following their disposal, suddenly issue a reservation of rights letter.

19. Thereafter, through additional letters dated April 14, 2015, April 28, 2015 and May 5, 2015, Travelers continued to reserve its rights under the Policy, eventually paying Satispie the sum of $25,000 for the loss of its pie products, and another check for $58,616.65, which two checks were accepted, indorsed and deposited by Satispie under a full reservation of its rights.

{4802693: }

## AS AND FOR A FIRST CAUSE
## OF ACTION FOR BREACH OF CONTRACT

20. Satispie repeats and re-alleges the preceding allegations as though fully set forth herein.

21. At all times herein, Satispie complied with the terms and conditions of the Policy.

22. Travelers, however, breached its contractual obligations under the Policy by failing and refusing to pay Satispie for all the damages it incurred after having instructed Satispie to dispose of its pie products.

23. As a result of the foregoing, Satispie has incurred damages in the sum of $1,107,884.68 less a credit for payments received in the sum of $25,000 and $58,616.65, respectively.

## AS AND FOR A SECOND CAUSE OF ACTION FOR
## BREACH OF ITS DUTY TO ACT IN GOOD FAITH

24. Satispie repeats and re-alleges the preceding allegations as though fully set forth herein.

25. At all times relevant to this action, Satispie acted in good faith by performing all its obligations, duties and conditions under the Policy, including its duty to provide Travelers with timely notice of its potential loss and its duty to cooperate in good faith with Traveler's investigation of the same.

26. In addition, Satispie acted in good faith by disposing of its pie products at the direction and order of Travelers.

27. A policy of insurance, like any contract, contains a reciprocal implied promise upon the insurer to act in good faith.

{4802693: }

28. Travelers breached that reciprocal implied promise to act in good faith when it instructed Satispie to dispose of its pie products <u>before</u> ascertaining whether its pie products were contaminated and <u>before</u> alerting Satispie that it was reserving its purported right to deny and/or limit its coverage.

29. Upon information and belief, Satispie's pie products were never contaminated by the ammonia gas because they were frozen and packaged at the time of the ammonia leak and further because they had not been allowed to thaw and spoil before Travelers instructed Satispie to discard its products.

30. But for the instructions given by Travelers to dispose of its pie products, Satispie would not have disposed of them and would have repackaged them if necessary in order to safely sell them for public consumption.

31. As a direct result of Travelers' breach of its implied promise to act in good faith, Satispie has been damaged thereby and has incurred damages in the sum of $1,107,884.68, less a credit of $25,000 and $58,616.65, respectively, for payments received from Travelers.

### AS AND FOR A THIRD CAUSE OF ACTION FOR PROMISSORY OR EQUITABLE ESTOPPEL

32. Satispie repeats and re-alleges the preceding allegations as though fully set forth herein.

33. Satispie reasonably relied upon the instructions and order of Travelers to dispose of its pie products and would not have complied with Travelers instructions and order to dispose of its pie products unless it reasonably believed that Travelers would reimburse it for its loss if the pie products were not contaminated.

34. Implicit in Travelers' instructions to dispose of Satispie's pie products before reserving its rights was the implied promise that Travelers would fully reimburse Satispie for the disposal of its pie products and the consequential results of doing the same.

35. As a result of the foregoing, Travelers should be equitably estopped from relying upon the pollution exclusion clause or any other exclusionary clause in the Policy to deny or limit Satispie's claims for damages in the sum of $1,107,884.68.

36. In the alternative, Travelers should be estopped under the doctrine of promissory estoppel from denying its implied promise to reimburse Satispie for its losses prior to issuing its reservation of rights letter on April 3, 2015.

37. By virtue of the foregoing, Satispie has been damaged in the sum of $1,107,884.68, less a credit for payments received from Travelers in the sum of $25,000 and $58,616.65, respectively.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENCE

38. Satispie repeats and re-alleges the preceding allegations as though fully set forth herein.

39. Upon information and belief, Satispie's pie products were not affected by the ammonia contamination and were not and could not have been contaminated as they were frozen and packaged at the time of the ammonia leak

40. In careless and reckless disregard as to whether Satispie's pie products were damaged, Travelers instructed and ordered that Satispie dispose of its pie products before first testing them for possible contamination.

41. Travelers owed Satispie a duty to make reasonable inquiry and testing to determine whether the pie products were contaminated before directing and ordering that they be disposed of by Satispie.

42. Travelers breeched that duty of care.

43. By virtue of the foregoing, Satispie has been damaged in the sum of $1,107,884.68, less a credit for payments received in the sum of $25,000 and $58,616.65, respectively.

Wherefore, Satispie LLC seeks damages as follows:

A. On its First Cause of Action, the sum of $1,024,268.00, plus interest thereon.

B. On its Second Cause of Action, the sum of $1,024,268.00, plus interest thereon.

C. On its Third Cause of Action, the sum of $1,024,268.00, plus interest thereon.

D. On its Fourth Cause of Action, the sum of $1,024,268.00, plus interest thereon.

E. The costs and disbursements of this action.

F. Such other and further relief as the Court deems just and proper.

Dated: March 10, 2017

WOODS OVIATT GILMAN LLP

By: _____
Robert D. Hooks, Esq.
*Attorneys for Plaintiff*
700 Crossroads Building
2 State Street
Rochester, New York 14614
585.987.2800

# VERIFICATION

STATE OF NEW YORK)
COUNTY OF MONROE) ss:

Michael Pinkowski, being duly sworn, deposes and says that he is the Managing Member of Satispie LLC, the Plaintiff in this action; that he has read the foregoing Complaint and the same is true to his knowledge, except as to matters alleged on information and belief, which he believes to be true.

By: _____

Sworn to before me this 15th day
of March, 2017.

_____
Notary Public

ROBERT D. HOOKS
Notary Public, State of New York
Qualified in Monroe County
Commission Expires March 30, 20 19

{4802693: }



NEW YORK STATE
DEPARTMENT *of*
FINANCIAL SERVICES

| | |
|---|---|
| Andrew M. Cuomo<br>Governor | Maria T. Vullo<br>Superintendent |

**STATE OF NEW YORK**

Supreme Court, County of MONROE

2017-2757

Satispie LLC                                    Plaintiff(s)

against

                                                Defendant(s)

Travelers Property Casualty Company of America

RE : Travelers Property Casualty Company of America formerly known as Travelers Indemnity Company of Illinois

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Verified Complaint in the above entitled action on March 17, 2017 at Albany, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

   Woods Oviatt Gilman LLP
   700 Crossroads Building
   2 State Street
   Rochester, New York 14614

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

   Corporation Service Company
   Travelers Property Casualty Company of America
   80 State Street
   Albany, New York 12207-2543

*Jacqueline Catalfamo*

**Jacqueline Catalfamo**
**Special Deputy Superintendent**

Dated Albany, New York, March 20, 2017
582102