UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

SATISPIE, LLC

                      Plaintiff,

            vs.                      Docket No.:  17-CV-6234

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

                      Defendant.
───────────────────────────────────────

# **ANSWER**

Defendant, Travelers Property Casualty Company of America ("Travelers"), by its attorneys, Rupp Baase Pfalzgraf Cunningham LLC, as and for its answer to plaintiff's complaint, alleges as follows:

1. Denies knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraphs 1, 7, 9, 10, 11, 16, 17, 21, 25, and 39 of the complaint and those same allegations as repeated and realleged therein.

2. Denies the allegations set forth in paragraphs 8, 12, 13, 14, 18, 22, 23, 26, 28, 29, 30, 31, 33, 34, 35, 37, 40, and 43 of the complaint and those same allegations as repeated and realleged therein.

3. With respect to the allegations contained in paragraph 2 and of the complaint and those same allegations as repeated and realleged therein, Travelers admits only

that it is an insurance company, but denies knowledge or information sufficient to form a belief as to the remaining allegations contained in that paragraph.

4. With respect to the allegations contained in paragraphs 3, 4, 5, and 6 of the complaint and those same allegations as repeated and realleged therein, admits only that Travelers entered into a contract of insurance with plaintiff, lets the terms and conditions of the contract speak for themselves, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in those paragraphs.

5. With respect to the allegations contained in paragraphs 15 and 19 of the complaint and those same allegations as repeated and realleged therein, admits only that Travelers sent correspondence to plaintiff, lets the correspondence speak for itself, and denies all characterizations of the correspondence contained in those paragraphs.

6. With respect to the allegations contained in paragraphs 27, 41, and 42 of the complaint and those same allegations as repeated therein, states that these paragraphs allege a conclusion of law for which a response is not required and respectfully refers all questions of law to the court for resolution. To the extent a response is required, Travelers denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs.

7. With respect to the allegations contained in paragraph 36 of the complaint and those same allegations as repeated therein, states this paragraph requires no response in light of the bench decision issued on December 13, 2017 by the Hon. Elizabeth A. Wolford, U.S.D.J.,

in response to Travelers's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To the extent a response is required, denies the allegations in that paragraph.

8. With respect to the allegations contained in paragraphs 20, 24, 32, and 38 of plaintiff's complaint, Travelers repeats and realleges its responses to plaintiff's allegations as if they were more fully set forth herein.

9. Denies each and every allegation contained in plaintiff's complaint not hereinbefore specifically admitted, denied, or otherwise addressed.

## FIRST AFFIRMATIVE DEFENSE

10. Plaintiff failed to mitigate its damages with respect to the incident alleged in the complaint.

## SECOND AFFIRMATIVE DEFENSE

11. Plaintiff's complaint fails to state a claim for which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

13. Upon information and belief, plaintiff's claims are barred by the doctrines of estoppel and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

12. Plaintiff's recovery, if any, should be barred or reduced based on its reliance on market value figures that are out of line with other valuation models.

### FIFTH AFFIRMATIVE DEFENSE

13. Plaintiff has failed to satisfy all conditions precedent contained in the insurance policy in order to be entitled to insurance coverage from Travelers.

### SIXTH AFFIRMATIVE DEFENSE

14. Plaintiff's recovery, if any, must be reduced by any sums previously paid by Travelers relative to plaintiff's claim.

### SEVENTH AFFIRMATIVE DEFENSE

15. The damages alleged in the complaint were caused in whole or in part by culpable conduct attributable to plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

16. The damages alleged in the complaint were caused or contributed to by culpable conduct attributable to others over whom Travelers neither had, nor exercised, any control.

## NINTH AFFIRMATIVE DEFENSE

17. Some or all of plaintiff's alleged loss referenced in its complaint was not covered by the contract of insurance at issue.

## TENTH AFFIRMATIVE DEFENSE

18. Plaintiff's insurance contract contains the following provisions:

**DELUXE PROPERTY COVERAGE FORM**

\* \* \*

**C. EXCLUSIONS**

\* \* \*

   **2.** We will not pay for loss or damage caused by or resulting from any of the following:

\* \* \*

     **i. Other Types of Losses**

       **(7)** The following cause of loss to personal property:

         **(a)** Dampness or dryness of atmosphere;

         **(b)** Changes in or extremes of temperature;

         **(c)** Changes in flavor, color, texture or finish;

         **(d)** Contamination by other than "pollutants", and

         **(e)** Marring or scratching.

\* \* \*

   **3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a** through **3.c**, but if an excluded cause of loss that is listed in

**3.a** and **3.b** below results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of loss.

\*     \*     \*

**b.** Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body except as provided in the Additional Coverage – Ordinance or Law Coverage.

19. There is no coverage for the loss alleged in the plaintiff's complaint due to the application of the above-referenced provisions in plaintiff's insurance contract.

## **ELEVENTH AFFIRMATIVE DEFENSE**

20. Plaintiff's insurance contract also contains the following provisions:

**DELUXE PROPERTY COVERAGE PART AMENDATORY ENDORSEMENT**

**CAUSES OF LOSS – EQUIPMENT BREAKDOWN**

\*     \*     \*

**D. EQUIPMENT BREAKDOWN LIMITATIONS**

All of the Limitations that apply to this Coverage Part apply to loss or damage under this endorsement, except as follows:

1. Under the Limitations contained in Section **D.** of the Deluxe Property Coverage Form, Limitations **1.a** and **1.b** do not apply.
2. The following additional Limitations apply to the insurance provided by this endorsement. These Limitations are included in, and do not appearance the applicable Limit(s) of Insurance.

   a. **Ammonia Contamination Limitation**
   The most we will pay for loss or damage to property caused by ammonia contamination that directly results from a Breakdown to

> Covered Equipment is the Ammonia Contamination Limit of Insurance shown in the Schedule of this endorsement.
> This limitation does not apply to Business Income Coverage or to Extra Expense Coverage.

* * *

> **E. EQUIPMENT BREAKDOWN LIMITS OF INSURANCE**
>
> 1. The insurance provided under this endorsement for loss or damage caused by or resulting from Equipment Breakdown is included in, and does not increase the Covered Property, Business Income, Extra Expense and other coverage Limits of Insurance that otherwise apply under this Coverage Part.
> 2. Payments under the Equipment Breakdown Coverage Extension will not increase the applicable Limit(s) of Insurance.

21. In accord with the above-referenced insurance contract provisions, plaintiff's insurance contract contains a $25,000 sub-limit for Ammonia Contamination. Plaintiff was paid $25,000 for Ammonia Contamination.

22. Therefore, plaintiff fully has been satisfied and there is no additional coverage available to plaintiff for the incident referenced in plaintiff's complaint.

## TWELVETH AFFIRMATIVE DEFENSE

23. Travelers incorporates any and all defenses contained in correspondence dated April 28, 2015 and May 5, 2015, both of which are attached hereto as Exhibit A.

Dated: January 8, 2018
       Buffalo, New York

                **RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
                Attorneys for Defendant
                Travelers Property Casualty Company of America

                By: s/ Marco Cercone
                     Marco Cercone, Esq., of Counsel
                     Anthony G. Marecki, Esq., of Counsel
                1600 Liberty Building
                Buffalo, New York 14202
                (716) 854-3400
                cercone@ruppbaase.com
                marecki@ruppbaase.com

**TO:**    **WOODS OVIATT GILMAN LLP**
          Attorneys for Plaintiff
          (Robert D. Hooks, Esq., Of Counsel)
          700 Crossroads Building
          2 State Street
          Rochester, New York 14614
          (585) 987-2836
          rhooks@woodsoviatt.com